UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DELISA M. HARRIS,<br><br>        Plaintiff,<br><br>v.<br><br>A TO Z CALL CENTER SERVICES, LP,<br><br>        Defendant. | Case No. 4:23-cv-00693-P |

**FIRST AMENDED COMPLAINT**

**NOW COMES** DELISA M. HARRIS ("Plaintiff"), by and through her undersigned counsel, complaining of A To Z Call Center Services, LP ("Defendant") as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and violations the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq*.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

1

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Northern District of Texas.

6. Defendant is a Texas company with its registered office address in Plano, Texas, and it specializes in providing debt collection and call center services to its clients in the financial services industry. Defendant regularly and systematically does business in Texas and across the United States. Defendant regularly attempts to collect defaulted debts allegedly owed by consumers residing in Texas.

## FACUTAL ALLEGATIONS

7. Prior to the events giving rise to this action, Plaintiff started receiving monthly services from Charter Communications, Inc. d/b/a Spectrum ("Spectrum").

8. Shortly after Plaintiff fell behind on payments owed, then a party purporting to be "Spectrum" started placing collection calls to Plaintiff's cellular phone number attempting to collect on a balance to Spectrum ("subject debt").

9. At all times relevant, Plaintiff believed the collection calls to have been placed by Spectrum.

10. Plaintiff began receiving collection calls to her cellular phone number (469) XXX-5059 from Defendant, in an attempt to collect on past due bill ("subject debt").

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5059.

12. In the calls made to Plaintiff, Plaintiff explained to Defendant that she was struggling financially and that their calls are unwelcomed and would no longer like to receive calls to her cellular phone.

13. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

14. Plaintiff's request fell on deaf ears and Defendant continued placing harassing collections calls to Plaintiff, including calls from the phone number (866) 808-0413.

15. In total, Defendant placed numerous calls to Plaintiff's cellular phone after Plaintiff initially requested that Defendant cease contact with her.

16. On October 12, 2022, Plaintiff initiated arbitration proceedings against Spectrum seeking redress for the abusive collection calls.

17. In the course of arbitration proceedings, Spectrum disclosed that it was Defendant who placed the majority of collection calls to Plaintiff on behalf of Spectrum.

18. Specifically, Plaintiff did not discover that it was Defendant that was placing the collection calls until April 7, 2023 when Spectrum responded to Plaintiff's Interrogatories.

19. Prior to April 2023, Plaintiff could not have known it was actually Defendant that was placing the calls to her because Defendant's agents always identified themselves as "Spectrum" in the phone calls that Plaintiff answered.

20. At all times relevant, Defendant acted as an agent of Spectrum.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

23. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## COUNT I
**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt that Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because Plaintiff used the Spectrum accounts for personal purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**a. Violations of the FDCPA §1692c**

28. Defendant violated §1692c(a)(1) when it continuously called and Plaintiff after being notified to cease communications. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease

contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt despite having actual knowledge that Plaintiff did not want to receive any calls.

29. Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

**b. Violations of FDCPA §1692d**

31. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

32. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §§1692d and d(5) when it placed dozens of collection calls to Plaintiff's cellular phone number from May 2022 to present attempting to collect the subject debt.

34. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

35. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

36. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made

numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

37. Defendant violated §1692d(6) by falsely identifying itself as "Spectrum" instead of identifying itself by its real name.

38. At no time during any communications with Plaintiff did Defendant notify Plaintiff that it was not actually Spectrum and merely calling on behalf of Spectrum. Such conduct is deceptive and is expressly prohibited by the FDCPA.

   c. **Violations of FDCPA §§1692f**

39. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect a debt by placing dozens of collection calls to Plaintiff's cellular phone number from August 2021 through present.

41. In addition, it was unfair that Defendant falsely identified itself as "Spectrum" instead of identifying itself by its real name.

   d. **Violations of FDCPA §1692e**

42. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

43. Section 1692e(14) of the FDCPA specifically prohibits a debt collector from using any name other than the true name of the debt collector's business.

44. Defendant violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Spectrum during phone calls with Plaintiff.

6

**WHEREFORE,** Plaintiff, DELISA M. HARRIS, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

45. Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

**a. Violation(s) of Tex. Fin. Code Ann § 392.302**

46. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

47. As pled above, Plaintiff advised Defendant that she no longer wished to receive collection calls from Defendant on her cellular phone.

48. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with her.

49. Defendant's continuous phone calls were made with intent to annoy and harass Plaintiff.

### b. Violation(s) of Tex. Fin. Code Ann § 392.304(a)(1)(A)

50.Subsection 392.302(4) of the Texas Finance Code provides:

(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

(1) using a name other than the:

(A) true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection.

51.Defendant violated § 392.304(a)(1)(A) by falsely identifying itself as "Spectrum" instead of identifying itself by its real name.

52.At no time during any communications with Plaintiff did Defendant notify Plaintiff that it was not actually Spectrum and merely calling on behalf of Spectrum. Such conduct is deceptive and misleading and is expressly prohibited by the TDCA.

53.Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) through Tex. Fin. Code Ann. § 392.403, which provides:

(a)A person may sue for:

(1)injunctive relief to prevent or restrain a violation of this chapter; and

(2)actual damages sustained as a result of a violation of this chapter.

(b)A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff DELISA M. HARRIS respectfully requests that this Honorable Court:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
   b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2), in an amount to be determined at trial, for the underlying violations;
   c. Awarding Plaintiff costs and reasonable attorney fees pursuant to Tex. Fin. Code Ann. § 392.403(b);
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 20, 2023

Respectfully submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com